## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN M. MCMANUS,** | : | **CIVIL ACTION NO. 1:14-CV-0470** |
| | : | |
| **Petitioner** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **DAVID PITKINS, PA STATE** | : | |
| **ATTORNEY GENERAL,** | : | |
| | : | |
| **Respondent** | : | |

### MEMORANDUM

On January 11, 2010, petitioner John M. McManus ("McManus"), pled guilty
to identity theft and various other charges in the Court of Common Pleas of Pike
County, Pennsylvania and was sentenced to an aggregate term of eight to sixteen
years imprisonment in a state correctional institution. (Doc. 10, ¶¶ 5-6; <u>see</u>
http://ujsportal.pacourts.us, electronic docket numbers CP-52-CR-0000093-2009,
CP-52-CR-0000234-2009, CP-52-CR- 0000383-2008, and CP-52-CR-0000210- 2008).
On March 13, 2014, he filed the instant petition for writ of habeas corpus pursuant
to 28 U.S.C. § 2254 challenging the validity of the state criminal proceedings and the
legality of his detention. (Docs. 1, 2). For the reasons set forth below, the petition
will be denied as untimely.

## I.    Background

In early 2009, a criminal information was filed in the Court of Common Pleas
of Pike County charging McManus with forgery in violation of 18 Pa.C.S.A. § 4101,

and identity theft in violation of 18 PA.C.S.A. § 4120. (Doc. 10, ¶ 1; see

http://ujsportal.pacourts.us, electronic docket number CP-52-CR-0000093-2009).  On

July 22, 2009, Court of Common Pleas of Pike County criminal docket numbers

CP-52-CR-0000234-2009, CP-52-CR- 0000383-2008, and CP-52-CR- 0000210-2008,

which charged McManus with four additional counts of forgery in violation of 18

PA.C.S.A. § 4101, several tampering with records charges in violation of 18

PA.C.S.A. § 4104, numerous charges of possession of an access device knowing it

was counterfeit in violation of 18 PA.C.S.A. § 1406, multiple drug counts in violation

of 35 PA.C.S.A. § 780-113, and six additional counts of identity theft in violation of 18

PA.C.S.A. § 4120, were consolidated with CP-52-CR-0000093-2009.  (See

http://ujsportal.pacourts.us, electronic docket numbers CP-52-CR-0000093-2009,

CP-52-CR-0000234-2009, CP-52-CR- 0000383-2008, and CP-52-CR-0000210- 2008).

On January 11, 2010, McManus entered a counseled guilty plea in CP-52-CR-

0000093-2009 to identity theft, forgery, tampering with records, possession of a

counterfeit access device, and drug charges. (Doc. 10, ¶ 5).  As noted *supra*, he was

sentenced to an aggregate term of eight to sixteen years imprisonment.  A motion

for reconsideration of the sentence was filed on January 20, 2010, and denied on

January 21, 2010.  (Id. at ¶¶ 7-8).

On October 25, 2010, McManus filed a petition for post conviction collateral

relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§

9541-46.  (Id. at ¶ 10).  On June 16, 2011, PCRA relief was denied.  (Id. at ¶ 14).

McManus sought reconsideration of the denial of PCRA relief on June 16, 2011,

2

which was denied on June 24, 2011. (See http://ujsportal.pacourts.us, electronic

docket number CP-52-CR-0000093-2009). No further relief was pursued in the state

courts.

The instant petition was filed on March 13, 2014. Upon preliminary review,

see R. GOVERNING § 2254 CASES R. 4, respondent was directed to file a response

addressing the timeliness of the petition. (Doc. 7, citing United States v. Bendolph,

409 F.3d 155, 169 (3d Cir. 2005) (*en banc*) (holding that district courts may *sua sponte*

raise AEDPA's one-year statute of limitations, provided that the petitioner is

provided with notice and an opportunity to respond) set forth in the Antiterrorism

and Effective Death Penalty Act of 1996 ("AEDPA")). McManus was afforded the

opportunity to file a reply. (Doc. 7) On April 24, 2014, a response and memorandum

of law seeking dismissal of the petition as untimely pursuant to 28 U.S.C. § 2244

were filed by respondent. (Docs. 10, 11). McManus did not reply.

## II.   Discussion

The court shall "entertain an application for a writ of habeas corpus in behalf

of a person in custody pursuant to the judgment of a State court only on the ground

that he is in custody in violation of the Constitution or laws or treaties of the United

States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed

under the stringent standards set forth in the Anti-Terrorism and Effective Death

Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996).

See 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus

relief pursuant to § 2254 must adhere to a statute of limitations that provides, in

3

relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

McManus was sentenced on January 11, 2010, and his motion for reconsideration of the sentence was denied on January 21, 2010. Under the plain terms of 28 U.S.C. § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara, 264 F.3d at 314. His time for pursuing a direct appeal expired on or about February 20, 2010, at which time his judgment became final. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on March 13, 2014, more than three years after the statute of limitations expired, is patently untimely. However, the Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

4

## A.    Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the

"time during which a properly filed application for State post-conviction or other

collateral review with respect to the pertinent judgment or claim is pending." 28

U.S.C. § 2244(d)(2).  The statute of limitations in the matter *sub judice* began

running on February 20, 2010, and, absent any tolling, would expire on February 20,

2011.  On October 25, 2010, after approximately 247 days of the one year statute had

elapsed, McManus successfully tolled the statute o f limitations when he filed his

timely PCRA petition.  The statute remained tolled until June 24, 2011, when his

request for reconsideration of the denial of PCRA relief was denied.  Because he did

not pursue an appeal or any other state court relief, the statute began running

again.  The 118 days remaining in which to file his federal petition expired on or

about October 20, 2011.  His federal petition was filed on March 13, 2014, well after

the expiration of the limitations period.

## B.    Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in

"extraordinary" and "rare" circumstances. See Satterfield v. Johnson, 434 F.3d

185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only

in situations "when the principle of equity would make the rigid application of a

limitation period unfair" that the doctrine of equitable tolling is to be applied. See

Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking

equitable tolling must establish the following two elements:  (1) that he has been

5

pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.

With respect to the diligent pursuit of rights, petitioner must demonstrate that he or she exercised reasonable diligence in investigating and bringing the claims. See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. See LaCava, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000) (quoting Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim. See Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).

McManus presents absolutely no evidence to account for the delay in seeking relief in federal court. Nor does he indicate that extraordinary circumstances obstructed his pursuit of post conviction relief. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. **Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be denied as untimely.

6

**IV.    Certificate of appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a

certificate of appealability ("COA"), an appeal may not be taken from a final order

in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has

made a substantial showing of the denial of a constitutional right. 28 U.S.C. §

2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its

procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Here, jurists of

reason would not find the procedural disposition of this case debatable.

Accordingly, no COA will issue.

An appropriate order will issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated:     June 17, 2014